IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIK NELSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No. 3:24-cv-301 |
| ) | Judge Stephanie L. Haines |
| WARDEN UNDERWOOD, ) | Magistrate Judge Patricia L. Dodge |
| ) | |
| Respondent. ) | |
| ) | |

**MEMORANDUM ORDER**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and a supporting Brief (ECF No. 2 ("Memorandum")) filed *pro se* by Malik Nelson ("Petitioner"). Petitioner contends that his rights were violated when disciplinary proceedings were conducted by an official who had a conflict of interest because the same official took part in the cell search leading to the disciplinary hearing. ECF No. 2, p. 3. In the hearing Petitioner was found to have committed Prohibited Act 305, "Possession of Anything not Authorized for Retention or Receipt by the Inmate." ECF No. 2, p. 7. Petitioner asserts that as a sanction for the infraction his "custody points were impacted and my prison record blemished."[1] ECF No. 1, p. 1. He seeks an order from this Court that directs the Bureau of Prisons ("BOP") to

---

[1] "Custody points" are a scoring system used by the BOP to determine an inmate's level of security and type of housing they will have while incarcerated. *See* https://federalprisontips.com/custody-score-determines-your-federal-prison-placement/. Custody points do not affect the duration of incarceration or liberty interests. Nor does Petitioner allege any effect of the discipline on his liberty interests. *See Torres Bonilla v. Ortiz*, No. CV 21-10637 (RBK), 2021 WL 2680097, at *2 (D.N.J. June 30, 2021) ("[B]ecause a ruling in Petitioner's favor, such as finding that staff violated his due process rights, removing the custody level points, or expunging his disciplinary record 'would not alter his sentence or undo his conviction,' he cannot proceed by habeas petition. *Leamer [v. Fauver]*, 288 F.3d [532], 542 [(3d Cir. 2002)]; *see, e.g., Levi v. Ebbert*, 353 F. App'x 681, 682 (3d Cir. 2009) (explaining that courts should not engage in habeas corpus review of custody classification claims because they do not challenge the validity of a conviction or the length of one's confinement).").

"remove all sanctions related [to the discipline proceeding] and have BOP expunge any and all records of the finding of guilt." ECF No. 1, p .10.

On March 21, 2025, Respondent, Warden Underwood ("Respondent") filed a Motion Dismiss (ECF No. 10). Respondent states that Petitioner was sanctioned with a loss of 30-days commissary and visiting privileges, which do not affect his liberty interests and that Petitioner did not lose any good time credit because of the infraction. ECF No. 10, p. 2.[2] Respondent seeks dismissal for failure to exhaust, ECF No. 10, pp. 2-3, and because Petitioner "fails to make a cognizable due process claim as the disciplinary sanctions he received do not implicate any liberty interest that is protected by the Due Process Clause." ECF No. 10, p. 4 (quoting *Gonzelez v. Zickenfoose*, 2014 WL 257850, at *2 (M.D. Pa. Jan 23, 2014)). This matter was referred to Magistrate Judge Patricia L. Dodge for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On October 23, 2025, Magistrate Judge Dodge filed a Report and Recommendation (ECF No. 12) recommending that the Petition (ECF No. 1) be dismissed on the basis that Petitioner had put forth no cognizable claim because the remedies sought would not alter his sentence or undo his conviction.[3] ECF No. 12, p. 2. Petitioner was advised he could file objections to the Report and Recommendation by November 10, 2025. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Petitioner has not filed any objections, and the time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 12) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100

---

[2] The citation provided by Respondent for these assertions is not accurate and, therefore, the assertions cannot be verified.
[3] Judge Dodge adds that Petitioner has been released from incarceration and likely has abandoned this case. ECF No. 12, p. 2, fn 2.

2

(3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Dodge in this matter. Judge Dodge correctly found Petitioner's Petition for Habeas Corpus did not present a cognizable claim and thus this Court lacks subject matter jurisdiction. ECF No. 12, pp. 2-3.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 24th day of November, 2025, IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) hereby is DISMISSED with prejudice; and,

IT IS FURTHER ORDERED that Magistrate Judge Dodge's Report and Recommendation (ECF No. 12) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge